# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

OFIR VENTURA, )
)
Plaintiff, )
)
v. )
) C.A. No. N25C-01-109 CLS
CIRCLE INTERNET FINANCIAL, )
LLC, )
)
Defendant. )
)
)
)
)

Date Submitted: August 25, 2025
Date Decided: October 7, 2025

## **ORDER**

Having considered Defendant Circle Internet Financial, LLC's ("Circle") Motion for Reargument,[1] it appears to the Court that:

1. On February 11, 2025, Plaintiff filed a Second Amended Complaint against Circle for claims of unjust enrichment and replacement of lost or destroyed securities certificates.[2] Plaintiff seeks to recover USDC tokens from Circle, the issuer of such coins, after an erroneous transfer.[3]

---

[1] *See generally* Defendant Circle Internet Financial, LLC's Motion for Reargument, D.I. 16 ("MFR").
[2] *See generally* Second Amended Complaint, D.I. 5 ("SAC").
[3] *Id.* ¶ 2.

2. On April 3, 2025, Circle filed a motion to dismiss the complaint for failure to state a claim.[4] On August 18, 2025, the Court denied Circle's motion to dismiss Plaintiff's complaint under Superior Court Civil Rule 12(b)(6).[5]

3. Circle filed this motion for reargument on August 25, 2025, asserting that the Court's decision is: (1) "based on a misapprehension of facts . . . with respect to Circle's motion to dismiss" Plaintiff's unjust enrichment claim; and (2) "overlooks legal principles that would have a controlling effect with respect to" replacement of lost or destroyed securities.[6]

4. Under Superior Court Civil Rule 59(e), the only issue is whether the Court overlooked something that would have changed the outcome of the underlying decision.[7] Thus, the motion will be granted only if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[8] A motion for reargument is not an opportunity for a party to rehash the arguments already decided by the Court or to present new arguments not previously raised.[9] A

---

[4] *See* Defendant Circle Internet Financial, LLC's Motion to Dismiss, D.I. 10 ("MTD").
[5] *Ventura v. Circle Internet Financial, LLC*, 2025 WL 2390518, at *1 (Del. Super. Aug. 18, 2025).
[6] MFR at 1.
[7] *Brenner v. Vill. Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000) *aff'd*, 763 A.2d 90 (Del. 2000).
[8] *BRP Hold Ox, LLC v. Chilian*, 2018 WL 6432978, at *1 (Del. Super. Dec. 6, 2018) (quoting *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006)).
[9] *Kennedy*, 2006 WL 488590, at * 1.

party seeking to have the Court reconsider the earlier ruling must, "demonstrate newly discovered evidence, a change in the law, or manifest injustice."[10] "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[11]

5. Circle first argues that the Court misinterpreted the significance of the interest it earns on USDC tokens to Plaintiff's unjust enrichment claim.[12] The Court held that it was plausible Circle benefits from the erroneous transfer because it earns interest from the USDC tokens it issues, so further factual development is needed at this juncture.[13] According to Circle, "discovery is unnecessary and futile" because there is "no factual dispute" that Circle earns interest on all its reserves of USDC, but the interest earned has no relationship to Plaintiff's erroneous transfer.[14]

6. Circle misapprehends the standard governing a Rule 12(b)(6) motion. The inquiry is not whether there is or is not a factual dispute, but whether the complaint alleges facts that state a plausible claim.[15] The Court considered Circle's same argument in denying its motion to dismiss and determined that the limited record is insufficient to warrant dismissal at this stage of litigation.[16] Circle offers no new

---

[10] *Brenner*, 2000 WL 972649, at *1.
[11] *Newborn v. Christiana Psychiatric Servs., P.A.*, 2017 WL 394096, at *2 (Del. Super. Jan. 25, 2017).
[12] MTR at 1.
[13] *Ventura*, 2025 WL 2390518, at *3.
[14] MTR at 1–3.
[15] Super. Ct. Civ. R. 12(b)(6).
[16] *Ventura*, 2025 WL 2390518, at *3; MTD at 14–15.

evidence on the interest it earns on USDC reserves, does not show manifest injustice, and otherwise cannot overcome the heavy burden of seeking relief under Rule 59(e).

7. Circle's second argument claims that the Court overlooked legal principles by failing to address each element under 6 *Del. C.* § 8-504 in its decision.[17] Given that the parties' dispute centered on whether Plaintiffs' USDC tokens constitute a "certified security" under Section 8-102, and it was at least reasonably conceivable that the USDC tokens meet that definition, the Court concluded further factual development was necessary to resolve the dispute.[18]

8. Circle does not provide any support for the assertion that the Court overlooked controlling legal principles. Circle argued in its motion to dismiss that Plaintiff's claims did not meet the requirements of Section 8-504.[19] The standard governing a motion under Rule 59(e) does not permit a movant to rehash arguments that the Court already decided. The Court considered Circle's argument in its decision to deny Circle's motion to dismiss, but Plaintiff's allegations are sufficient to reasonably infer that the USDC tokens can be replaced under Section 8-504. Moreover, not only does the Second Amended Complaint comply with Delaware's pleading standard, but the complexities of this case require further factual development to appropriately resolve the dispute as mentioned above.

---

[17] MTR at 4.
[18] *Ventura*, 2025 WL 2390518, at *4.
[19] MTD at 25–27.

9. Circle's arguments that the Court's decision misapprehended the facts and overlooked controlling legal principles lacks merit and does not change the outcome of the underlying decision.  Thus, Circle's motion for reargument is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Calvin L. Scott*
Judge Calvin L. Scott, Jr.